UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>  )<br>   Plaintiff,   )<br>  )<br>v.   )<br>  )<br>JORDAN DWAYNE TAYLOR,   )<br>  )<br>   Defendant.   ) | Crim. No. 6:15-cr-00021-GFVT-HAI-3<br><br>**ORDER** |

*** *** *** ***

      This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 356.] In 2016, this Court sentenced Defendant Taylor to 100 months of imprisonment, followed by five years of supervised release, after he pleaded guilty to one count of conspiracy to distribute heroin. [R. 199.] In October 2023, Defendant Taylor was sentenced to eighteen months' imprisonment, followed by four years of supervision, including a drug-treatment assessment upon release, stemming from a violation of his supervised release. [R. 326; R. 328; R. 329.] Defendant was released again on January 3, 2025, and was referred to Windows of Discovery in Somerset, Kentucky, for substance abuse and mental health counseling. Now, the United States Probation Office charges Mr. Taylor with one Grade A violation, one Grade B violation, and three Grade C violations of his supervised release conditions. [R. 356.]

      The initial charge stems from a violation of the condition that Mr. Taylor (1) refrain from committing another federal, state, or local crime, (2) live in a place approved by Probation and to notify Probation of any change in residency ten days before moving, and (3) comply with drug-addiction treatment and with drug testing. The Probation Office amended the Report, charging

additional violations of the conditions, specifically that Mr. Taylor (4) refrain from the use of a controlled substance, and (5) refrain from committing another federal, state, or local crime and the condition prohibiting unlawful possession of a controlled substance. *Id.*

Probation alleges that a home visit on September 9, 2025, revealed that the Defendant had not resided there since August 29, 2025. *Id.* at 4. Probation further alleges that Mr. Taylor failed to show up to a required drug test on September 12, 2025, and failed to notify his Probation Officer as to the reason for his failure to appear. *Id.* Probation further reports that a urine analysis test conducted on September 19, 2025, appeared positive for benzodiazepine, methamphetamine, and marijuana. *Id*. at 4-5, Further, Probation alleges that the use and possession of these substances constitutes a Class E felony under 21 U.S.C. 844(a), in view of his prior drug conviction. *Id.* at 5. Judge Ingram recommends a sentence of 21 months of incarceration, with no supervision to follow, based on the difficulties in supervising Mr. Taylor and Mr. Taylor's ongoing struggles with addiction. *Id.* at 11.

Mr. Taylor appeared before Judge Ingram for an initial appearance pursuant to Federal Rule of Criminal Procedure 32.1. [R. 354.] During the hearing, Mr. Taylor competently, knowingly, voluntarily, and intelligently waived his rights to a preliminary hearing. *Id.* On October 21, 2025, Mr. Taylor appeared before Judge Ingram for his final hearing. [R. 355.] As Judge Ingram found, Mr. Taylor "competently entered a knowing, voluntary, and intelligent stipulation" to Violations #2-5. *Id.* The Government, however, ultimately moved to dismiss Violation #1. *Id.*

After hearing the parties' arguments, Judge Ingram issued a Report and Recommendation in which he evaluated the entire record and considered all the Section 3553(a) factors imported into the Section 3583(e) analysis, as well as the Guidelines Range. [R. 356.] Pursuant to Rule

2

59(b) of the Federal Rules of Criminal Procedure, any objections to the Report and Recommendation must be filed within fourteen (14) days of service. *See* 28 U.S.C. § 636(b)(1). More than fourteen days have passed and no one has objected to the Report and Recommendation. Moreover, Mr. Taylor waived his right to allocution**.** [R. 357.]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947, 949–50 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation **[R. 356]** is **ADOPTED** as and for the Opinion of the Court;
2. Mr. Taylor is found **GUILTY** of the violations of Mandatory Conditions #2-5;
3. The Violation of Mandatory Condition #1 is **DISMISSED**;
4. Mr. Taylor's current term of supervised release is **REVOKED**;
5. Mr. Taylor is **SENTENCED** to a term of incarceration of **twenty-one (21) months**;
6. Judgment shall enter promptly.

This the 7th day of November 2025.

Gregory F. Van Tatenhove
United States District Judge